■ BART J. TARULLI, JR., et al., Petitioners, v GAIL S. SHAFFER, as Secretary of State of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated March 14, 1982, which upon the report and recommendation of a hearing officer (1) found that Bart Tarulli, Jr., licensed beauty shop

owner of Sierra Hair Designers, Ltd., had violated General Business Law §§ 407, 412 in employing an unlicensed hairdresser and cosmetologist, and (2) imposed a penalty of suspension of "the beauty shop license of Sierra Hair Designers, Ltd., Bart Tarulli, Jr., shop owner", for a period of 60 days, effective April 1, 1983, or in lieu thereof, a fine of $250 to be paid to the Department of State.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

Petitioners contend that, although the charge against them was permitting an unlicensed person to work as a cosmetologist, in the course of petitioner Tarulli's testimony at the hearing, the hearing officer elicited from Tarulli that prior to the first inspection he had not posted cosmetology licenses. The hearing officer thereafter made a finding of such nonposting of hairdressers' and cosmetologists' licenses and the Secretary of State adopted his findings. Petitioners claim that the uncharged posting finding was a predicate or partial predicate of the discipline imposed, that this was a violation of due process (see, Matter of Murray v Murphy, 24 NY2d 150), and that because of the violation, the determination under review should be reversed, the charges dismissed and the penalty vacated (see, In re Ruffalo, 390 US 544).

We find no merit to these contentions. Although the hearing officer's report did include a nonposting finding (see, General Business Law § 407 [3]), the specific charge that he sustained, and which formed the basis for the discipline imposed, was the charge originally served on petitioners in the written notice of hearing, namely, permitting an unlicensed person to work as a cosmetologist (see, General Business Law § 409 [a] [8]; §§ 412, 401 [5]).

We find no merit to petitioners' further contention that substantively no violation of statute was proven. We find that the charges served on petitioners were proven by substantial evidence, that the determination under review is not arbitrary, and that there is no basis to disturb it. Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.